IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**BENJAMINE COULTER**                                                              **PLAINTIFF**
**ADC #122145**

V.                               NO. 3:22-cv-00212-DPM-ERE

**DEXTER PAYNE,** *et al.*                                                          **DEFENDANTS**

## PARTIAL RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

This Recommendation has been sent to United States District Chief Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Chief Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.   Discussion:**

Plaintiff Benjamin Coulter, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. In his complaint, Mr. Coulter alleges that: (1) Director Dexter Payne and Warden Thomas Hurst failed to implement policies to protect him from harm; (2) Sergeant Robertson failed to

follow ADC Administrative Directive 10-16 "Temperature Settings," causing condensation to form on Mr. Coulter's cell floor; (3) Sergeant Robertson was aware that that turning off the air conditioning in Mr. Coulter's cell would cause condensation to form on the cell floor, creating the dangerous condition that led to Mr. Coulter's slip and fall; and (4) Sergeant Robertson disregarded Mr. Coulter's health and safety in retaliation for Mr. Coulter filing a grievance against him.

Because Mr. Coulter is a prisoner seeking relief from a governmental entity or employee, the Court is obligated by statute to screen his complaint before the case can proceed. See 28 U.S.C. § 1915A(a).[1] By separate Order, the Court has ordered service of two claims against Sergeant Robertson: (1) a retaliation claim and (2) a deliberate indifference claim. However, Mr. Coulter's remaining claims should be dismissed based for failure to state a plausible constitutional claim for relief.

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

"naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief; instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

    1.    Defendants Payne and Hurst

In his complaint, Mr. Coulter alleges that, based on their supervisory positions, Director Payne and Warden Hurst failed to "implement rules, regulations[, and] polici[es] to protect [him] from harm by proper conditions of confinement with proper [indoor] air." *Doc. 2 at 4*.

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (internal quotation marks and citation omitted). To state a plausible civil rights claim, a plaintiff must set forth specific factual allegations describing how each defendant violated his federally protected rights. "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Additionally, a general allegation of "overall conditions" cannot support a constitutional claim for relief. *Wilson v. Seiter*, 501 U.S. 294, 305 (1991).

"To establish an Eighth Amendment violation, a prisoner must show that the alleged deprivation, viewed objectively, is 'sufficiently serious' and that the prison officials' actions, viewed subjectively, demonstrate a 'deliberate indifference' to the prisoner's health or safety." *Rahman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (citing *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998)). "The level of culpability required to demonstrate deliberate indifference on the part of prison officials is equal to criminal recklessness." *Holden v. Hirner*, 663 F.3d 336, 343 (8th Cir. 2011).

Mr. Coulter fails to allege any facts to suggest that either Director Payne or Warden Hurst: (1) were personally aware that Sergeant Robertson adjusted the temperature in Mr. Coulter's cell to allow condensation to form on his cell floor creating a dangerous condition; or (2) intentionally disregarded any known risk to Mr. Coulter's health and safety.

Accordingly, he has failed to allege that either Defendant personally violated his constitutional rights. Mr. Coulter's broad, conclusory allegations are insufficient to state a plausible constitutional claim for relief against Director Payne and Warden Hurst.

2.  Violation of ADC Policy

In his complaint, Mr. Coulter alleges that Sergeant Robertson violated the ADC directive governing the temperature settings of his cell. However, a prison

official's failure to follow prison policies or procedures is not conduct that rises to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). Thus, Mr. Coulter cannot pursue a separate claim against Sergeant Robertson for his alleged violation of ADC policy.

### III.  Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Coulter's claims against Dexter Payne and Thomas Hurst be DISMISSED, without prejudice, for failure to state a plausible claim for relief.

2. Mr. Coulter's claim that Sergeant Robertson violated ADC policy be DISMISSED, without prejudice, for failure to state a plausible claim for relief.

3. The Clerk be instructed to terminate Dexter Payne and Thomas Hurst as party Defendants.

Dated this 18th day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE